UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE HUGHES,

          Plaintiff,         No. 04-CV-74800-DT

vs.                             Hon. Gerald E. Rosen

THE MAY DEPARTMENT STORES
CO., d/b/a LORD & TAYLOR,

          Defendant.
_____/

OPINION AND ORDER TO REMAND

At a session of said Court, held in
The U.S. Courthouse, Detroit, Michigan
on    April 29, 2005

PRESENT:    Honorable Gerald E. Rosen
                    United States District Judge

I. INTRODUCTION

The above-captioned action is presently before the Court on Plaintiff's Motion to Remand. Defendant has responded to Plaintiff's Motion. Having reviewed and considered the parties' respective briefs and supporting documents, the Court has concluded that oral argument is not necessary. Therefore, pursuant to L.R. 7.1(e)(2) this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

II. BACKGROUND FACTS

Plaintiff Jamie Hughes is a resident of Westland, Michigan.  Plaintiff incurred a debt to Defendant May Department Stores Co. as a result of purchases made at Defendant's Dearborn, Michigan Lord & Taylor Department Store.[1]  The amount of indebtedness was approximately $1,500.00.

In April 2004, Defendant began to collect Plaintiff's debt.  Plaintiff alleges that Defendant made harassing phone calls to her at her place of employment.  Plaintiff also claims that Defendant called Mr. Bezil Taylor[2] and discussed with Mr. Taylor Plaintiff's debt.  Plaintiff further alleges that Defendant threatened to tell Plaintiff's current employer about Plaintiff's debt.  Plaintiff also claims that Defendant continued to contact her and Mr. Taylor even though Plaintiff informed Defendant she was represented by counsel.

On September 24, 2004 Plaintiff filed a one-count complaint against Defendant May Department Stores in this Court alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and seeking judgment in the amount of $10,000.00.  *See Hughes v. The May Department Stores Co.*, No. 04-73752 (E.D. Michigan Filed Sept. 24, 2004). ("*Hughes I*")

On October 21, 2004 Defendant answered Plaintiff's complaint and set forth a number of affirmative defenses.  On November 4, 2004 Plaintiff improperly (and unsuccessfully) attempted to amend her complaint by adding a count alleging that Defendant's actions constituted intentional infliction of emotional distress.  (Plaintiff's First Amended Complaint, ¶ 14) Plaintiff

---

[1]Although not relevant to this action, Plaintiff was employed by Defendant at Defendant's Dearborn, Michigan location.  Plaintiff no longer works for Defendant.  Plaintiff's current employer has not been disclosed.

[2]Mr. Taylor is allegedly Plaintiff's boyfriend.  Mr. Taylor and Plaintiff reside together. See *Bezil Taylor v. The May Department Store,* No. 04-73754 (E.D. Michigan filed Sept. 24, 2004)

also attempted to increase the amount sought for judgment from $10,000.00 to $75,000.00.[3]

Six days later, on November 10, 2004, Plaintiff instituted another action against Defendant, this time in Wayne County Circuit Court. Plaintiff's Wayne County Complaint was given case number 04-434885 and assigned to Judge Giovan. Plaintiff's Wayne County Complaint alleged the same facts as *Hughes I*, however, unlike *Hughes I*, Plaintiff's Wayne County Complaint did not allege violations of the Fair Debt Collection Practices Act but rather, used language closely aligned with the elements of a claim of intentional infliction of emotional distress. Plaintiff's Wayne County Complaint stated: "Defendant's actions, which include lies, threats, and intimidation, are so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." (Plaintiff's Wayne County Complaint, ¶ 10)  The stated amount of damages sought was $25,000. (Plaintiff's Wayne County Complaint, ¶ 11)

On December 9, 2004 Defendant removed Plaintiff's Wayne County Complaint to this Court. The removed case was assigned case number 04-74800. ("*Hughes II*") Defendant's stated basis for removal of *Hughes II* was "that it is a civil action arising under the laws of the United States, to wit, the Fair Debt Collection Practices Act... ."  (Defendant's Notice of Removal, ¶ 2) Although, unlike *Hughes I*, no federal question appears on the face of the *Hughes II* Complaint, Defendant claimed removal on the basis of federal question jurisdiction was proper because *Hughes II* alleged the same facts as *Hughes I*. (Defendant's Notice of Removal, ¶ 3).

On December 28, 2004 Plaintiff moved to remand *Hughes II* back to Wayne County

---

[3]Plaintiff failed to seek leave of the Court or written consent of the Defendant to amend her complaint as required per Fed. R. Civ. Pro. 15(a). Therefore, her proposed amended complaint was not accepted.

Circuit Court. Plaintiff argued that her Wayne County Complaint did not assert a claim under the Fair Debt Collection Practices Act, and, therefore, federal question jurisdiction did not exist.

On January 12, 2005 Defendant responded to Plaintiff's Motion For Remand. Relying on *Federated Department Stores v. Moitie*, 452 U.S. 394 (1981) Defendant argued that because *Hughes I* and *Hughes II* share a common set of facts and occurrences, and because *Hughes I* was a federal claim, *Hughes II* is also "federal in nature." (Defendant's Response and Brief In Opposition to Plaintiff's Motion For Remand, p.6)

On January 14, 2005 this Court issued an Order to Show Cause instructing the Defendant to show cause as to why *Hughes II* should not be remanded back to Wayne County Circuit Court for lack of federal subject matter jurisdiction. On January 24, 2005 Defendant responded to the Court's Show Cause Order, essentially restating the same arguments made in its response to Plaintiff's Motion to Remand. The issue is now ripe for adjudication.

### III. ANALYSIS

The Court's obligation in addressing challenges to the removal of an action is to determine whether the factual allegations in the pleadings demonstrate that, plaintiff's protestations notwithstanding, the action could have been brought originally in federal court – i.e., whether either "diversity" or "federal question" jurisdiction can be established. *See* 28 U.S.C. § 1441(a); *Caterpillar v. Williams,* 482 U.S. 386, 392 (1987).

Defendant maintains federal question jurisdiction can be established. Defendant relies on *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) in support of its position that *Hughes II* should not be remanded to Wayne County Circuit Court. The pertinent facts of *Moitie* are as follows:

In 1976 the United States Government brought an action against Federated Department Stores and others alleging violations of the Sherman Act, 15 U.S.C. § 1.  Seven parallel actions were subsequently filed by private plaintiffs against Federated and others, including an action by Marilyn Moitie in California State Court (*Moitie I*) and an action by another individual, Floyd Brown, in the U.S. District Court for the Northern District of California (*Brown I*).  Each of these seven complaints tracked almost verbatim the allegations of the Government's Sherman Act complaint.  *Moitie I* only referred to state law, but was removed to federal court on the basis of diversity and federal question jurisdiction. All seven complaints were consolidated and assigned to a single federal judge and then dismissed on the grounds that the plaintiffs had not alleged injuries to their business.  Five of the plaintiffs appealed their dismissals to the Court of Appeals for the Ninth Circuit.  Ms. Moitie and Mr. Brown chose to refile their cases in state court, creating *Moitie II* and *Brown II*.  Both *Moitie II* and *Brown II* raised only state law claims, although they made allegations similar to those in *Moitie I* and *Brown I*.

Federated Stores removed *Moitie II* and *Brown II* to federal court and then moved to have both cases dismissed on the grounds of res judicata.  The District Court first denied Moitie and Brown's motion to remand, reasoning that because *Moitie II* and *Brown II* were in many respects identical to *Moitie I* and *Brown I*, even though *Moitie II* and *Brown II* only raised state law claims, they were properly removed because the court found  they were essentially "federal in nature." *Moitie,* at 397, n.2.  The District Court then dismissed *Moitie II* and *Brown II* on the grounds of res judicata stating  *Moitie II* and *Brown II* involved the same parties, alleged the same offenses, and arose in the same time period as *Moitie I* and *Brown I*.  This time, Moitie and Brown appealed.

5

While the *Moitie II* and *Brown II* appeal was pending, the Supreme Court decided *Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979). *Reiter* held retail purchasers can suffer injuries to business or property as those terms are used in Section 4 of the Clayton Act. Relying on *Reiter* the Court of Appeals for the Ninth Circuit reversed and remanded the five cases that had been consolidated and decided along with *Moitie I* and *Brown I*.

The Court of Appeals for the Ninth Circuit subsequently decided *Moitie II* and *Brown II*. The Ninth Circuit reversed the District Court's dismissal and carved out an exception to the doctrine of res judicata for non-appealing parties allowing them to "benefit from a reversal when their position is closely interwoven with that of appealing parties." *Moitie v. Federated Department Stores Inc.,* 611 F.2d 1267, 1269 (9th Cir. 1980). The Ninth Circuit concluded "because the instant dismissal rested on a case that had been effectively overruled, the doctrine of res judicata must give way to 'public policy' and 'simple justice'." *Id.* at 1269.

The Supreme Court granted certiorari to review the validity of the exception to the doctrine of res judicata created by the Ninth Circuit. Justice Rehnquist, in the very first sentence of the Supreme Court's *Moitie* opinion, stated: "The only question presented in this case [*Moitie*] is whether the Court of Appeals for the Ninth Circuit validly created an exception to the doctrine of res judicata." *Moitie,* 452 U.S. at 395 (emphasis added). The Supreme Court reversed the Ninth Circuit, stating: "Res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principal subsequently overruled in another case." *Id.* at 398.

In a footnote in the *Moitie* opinion, the Supreme Court commented on the removal of the state law claims of *Moitie II* and *Brown II* to federal district court:

> The Court of Appeals also affirmed the District Court's conclusion that *Brown II* was properly removed to federal court, reasoning that the claims presented were "federal in nature." We agree that at least some of the claims had a sufficient federal character to support removal. As one treatise puts it, courts "will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization." 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 564-566 (1976) (citing cases) (footnote omitted). The District Court applied that settled principle to the facts of this case. After "an extensive review and analysis of the origins and substance of" the two Brown complaints, it found, and the Court of Appeals expressly agreed, that respondents had attempted to avoid removal jurisdiction by "artful [ly]" casting their "essentially federal law claims" as state-law claims. We will not question here that factual finding. See *Prospect Dairy, Inc. v. Dellwood Dairy Co.*, 237 F.Supp. 176 (NDNY 1964); *In re Wiring Device Antitrust Litigation*, 498 F.Supp. 79 (EDNY 1980); *Three J Farms, Inc. v. Alton Box Board Co.*, 1979-1 Trade Cases ¶ 62,423 (SC 1978), rev'd on other grounds, 609 F.2d 112 (CA4 1979), cert. denied, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

*Moitie,* at 397, n.2.

Defendant, relying on this footnote, asserts this Court has original jurisdiction over *Hughes II* because a federal question has been presented, even though "Plaintiff has artfully plead her essentially federal cause of action as a state claim in an effort to avoid federal jurisdiction." (Defendant's Reply to the Court's Order to Show Cause, p. 1)   As authority for its position, Defendant cites what one court refers to as "*Moitie's* enigmatic footnote." *See Rivet v. Regions Bank of Louisiana*, 108 F.3d 576, 584 (5th Cir. 1997).  Defendant contends  "*Moitie* recognizes that this Court may look at the origins and substance of both Plaintiff's complaints in determining if the state complaint is simply an artful attempt to avoid federal jurisdiction." (Defendant's Reply to the Court's Order to Show Cause, p. 3) This simply is not the case.

In *Her Majesty The Queen in Right of the Province of Ontario v. The City of Detroit,* 874 F.2d 332 (6th Cir. 1989), the Sixth Circuit stated:  "Courts applying *Moitie* have made it quite

clear that it [*Moitie's* second footnote] applies only to the removal of state claims barred by a prior federal judgment." *Her Majesty,* at 343. In the case at bar, *Hughes I* was a federal Fair Debt Collection Practices Act claim.[4] *Hughes II* is a state law intentional infliction of emotional distress claim and is in no way barred by the resolution of *Hughes I*. The only similarity between *Hughes I* and *Hughes II* is both claims arise out of the same alleged facts and transactions. As the Second Circuit recognized in *Travelers Indemnity v. Sarkisian,* 794 F.2d 754, 761 n.10. (2nd Cir. 1986), "the holding in *Moitie* cannot be read as requiring a plaintiff's state law claim be recharaterized as a federal claim whenever it arises out of the same transaction as a prior federal claim." *Id.* at 761, n.10.

To the extent that the *Moitie* footnote is still good law (which as shown below is doubtful), applying the standard set forth in *Her Majesty*, *Hughes II* could be removed if it were barred by a previous judgment. This is not the case. *Hughes I* was dismissed long <u>after</u> the attempted removal of *Hughes II*. Defendant is partially correct in its statement: "The state court complaint [*Hughes II* ] should only be remanded if she [Plaintiff] abandons all of her federal claims [*Hughes I* ], therefore removing any federal component to them." (Defendant's Reply to the Court's Order to Show Cause, p. 5) Plaintiff's federal claims have been "abandoned," albeit not willingly, and her state court claim (*Hughes II*), as Defendant notes, properly belongs back in state court.

Furthermore, two years after its decision in *Moitie*, the Supreme Court effectively repudiated the *Moitie* footnote in *Franchise Tax Board of The State of California v. Construction*

---

[4]*Hughes I* was dismissed on March 8, 2005, i.e., nearly four months <u>after</u> *Hughes II* was removed.

*Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983). In *Franchise Tax Board* the Court emphasized:

> Under our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, <u>only</u> those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* at 27 (emphasis added).

Justice Brennan, who authored the majority opinion in *Franchise Tax Board*, dissented in *Moitie* on grounds that *Moitie II* and *Brown II* were not removable, stating "... respondents' complaints were not based on any claim of a federal right or immunity, and were not, therefore, removable." *Moitie*, at 410.

In *Hughes II*, Plaintiff's intentional infliction of emotional distress claim is not based on federal law nor is Plaintiff's right to relief dependant on a substantial question of federal law. Plaintiff's intentional infliction of emotional distress allegation is a state tort claim, the resolution of which is dependant upon the elements of the alleged claim and not upon any substantial question of federal law. Furthermore, as Justice Brennan stated in *Franchise Tax Board*: "For better or for worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law." *Id.* at 10. Plaintiff's intentional infliction of emotional distress claim here simply does not arise under federal law.

More recently, the Supreme Court made clear *Moitie* is no longer good law. In *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470 (1998), the Court stated: "The *Moitie* footnote, however, was a marginal comment and will not bear the heavy weight lower courts have placed

9

on it." *Id.* at 477.   The Court further stated: "We therefore clarify today that *Moitie* did not create a preclusion exception to the rule, fundamental under current governing legislation, that a defendant cannot remove on the basis of a federal defense." *Id.* at 478.  Although Defendant here is not asserting a federal defense to *Hughes II* makes removal proper, the *Rivet* case illustrates the limited scope of *Moitie's* second footnote.  For this reason, the Court will not allow Defendant to use *Moitie's* second footnote as authority to remove Plaintiff's state law intentional infliction of emotional distress claim to federal court on the basis that "all of the claims arise out of the same exact set of facts and occurrences."  (Defendant's Reply to the Court's Order to Show Cause, pg. 4).

Other courts in this jurisdiction have also followed the trend to limit the use of *Moitie's* second footnote.  In *Magic Chef, Inc. v. International Molders & Allied Workers Union,* 581 F.Supp.  772 (D.C. Tenn 1983) the District Court for the Eastern District of Tennessee, Northern Division stated in a footnote of their own:

> In brief, the [Supreme] Court's only intention in its footnote may have been a narrow one: to tip the balance in favor of defendant's right to a federal forum and against plaintiff's right to be master of his claim in antitrust actions <u>when the plaintiff already had availed himself of a federal forum and when his state claims as removed would be res judicata from the earlier federal decisions.</u> The Court's holding in the case, which affirmed a broad and strict standard for res judicata, seems to lend weight to this view. Whatever the import of *Moitie* on removal jurisdiction may have been, the Court is of the opinion that *Franchise Tax Board* supersedes it as the most recent Supreme Court authority on the issue. In fact, the opinion in *Franchise Tax Board*, written by Justice Brennan, who dissented from the jurisdiction holding in *Moitie*, does not cite the *Moitie* case at all.

*Magic Chef,* at 776, n.4 (citation omitted and emphasis added).

Other circuits have ruled similarly.  In *Redwood Theatres, Inc. v. Festival Enterprises, Inc.,* 908 F.2d 477, 481 (9th Cir. 1990), the Ninth Circuit stated: "In subsequent cases this court

has emphasized that it will construe the holding in *Moitie* and *Salveson* [*Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423 (9th Cir. 1984)]  narrowly, out of respect for the purpose underlying the removal statute and plaintiff's prerogatives to choose the forum and legal principles governing their complaints."

In *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208 (1987), the First Circuit noted:

> The district court also may have relied, as do the defendants, on footnote 2 of *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). This footnote does have language about claims which are "federal in nature" or which have a "sufficient federal character to support removal." Id. Professor Wright calls this footnote "mystifying," C. Wright, The Law of Federal Courts § 38, at 212 n. 19 (1983). Whether it was meant to work a revolution in the law of federal removal jurisdiction must, in this circuit, await another case. Even if that were its intent, this radical change may have been overruled *sub silentio* in *Franchise Tax Board*, which so strongly reaffirmed the well-pleaded complaint rule. *Franchise Tax Board*, 463 U.S. at 7, 103 S.Ct. at 2845 (noting that the law of removal jurisdiction "has remained basically unchanged for the past century").

*Patriot Cinemas,* at 218, n.4.

The foregoing demonstrates  *Moitie's* footnote 2 is no longer good authority upon which removal may be based.  As numerous courts have noted, to the extent  *Moitie's* footnote 2 was ever intended to expand federal court jurisdiction, it has been effectively overruled by *Franchise Tax Board.*

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED  Plaintiff's Motion to Remand is GRANTED.  Accordingly,

IT IS FURTHER ORDERED this case shall be REMANDED to Wayne County Circuit Court.

SO ORDERED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  April 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager